UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAVID ASSIF Individually, and on Behalf of
All Others Similarly Situated,

                  Plaintiff,

        -against-

TITLESERV, INC. and SETTLEMENT
CORP.,

                Defendant.
--------------------------------------------------------X

FILED
CLERK

12/13/2012 11:27 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

MEMORANDUM OF
DECISION AND ORDER
11-CV-3203(ADS)(AKT)

APPEARANCES:

**Erik H. Langeland, P.C.**
*Attorney for the plaintiff*
500 Fifth Avenue
Suite 1610
New York, NY 10110
   By:  Erik H. Langeland, Esq., Of Counsel

NO APPEARANCE:

Titleserv, Inc.
Settlement Corp.

**SPATT, District Judge**.

      David Assif, individually, and on behalf of all others similarly situated ("the Plaintiff"),

commenced this action against his employer Titleserv, Inc. ("Titleserv"), as well as Settlement

Corp. (collectively, "the Defendants"), by filing a Complaint on July 5, 2011.  The Plaintiff seeks

recovery of damages in the amount of 60 days' pay and ERISA benefits by reason of Titleserv's

violation of his rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §

2101 et seq. ("the WARN Act").  According to the Plaintiff, Titleserv terminated the Plaintiff

and approximately 200 other similarly situated employees as part of, or as a result of, mass

layoffs and/or plant closings but failed to give them at least 60 days' advance notice of termination as required by the WARN Act.  To date, the Defendants have yet to appear in this action.

Presently before the Court is an unopposed motion by the Plaintiff for class certification pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23.  The Court notes that, in his Memorandum of Law in Support of this motion, the Plaintiff borrows extensively from the court's decision in Guippone v. BH S&B Holdings LLC, 09 Civ. 1029 (CM), 2011 U.S. Dist. LEXIS 36379 (S.D.N.Y. Mar. 30, 2011).  The Plaintiff also requests that this Court approve notice to the class of the pending action and appoint the Plaintiff's counsel to serve as class counsel under Fed. R. Civ. P. 23(g).  For the reasons set forth below, the Court grants the Plaintiff's motion for class certification.

## I. BACKGROUND

Titleserv previously maintained and operated its headquarters in Woodbury, New York, and maintained additional facilities across the country.  On April 8, 2011, Titleserv closed all its facilities.  As part of these facility closings, Titleserve terminated approximately 200 full-time employees, including the Plaintiff.  The Plaintiff asserts that these terminations were not for cause and occurred within 30 days of April 8, 2011.

According to the Plaintiff, in violation of the WARN Act, Titleserv (1) failed to provide the Plaintiff and the other full-time employees, within 60 days of the mass layoffs, of any advanced written notice of its decision to close on or about April 8, 2011; (2) never paid any wages, salary commissions, bonuses, accrued sick pay and/or vacation for 60 days to any of the terminated full-time employees after the mass layoffs; and (3) failed to make 401(k) contributions and other employee benefits under ERISA for 60 days after the mass layoffs.

2

## II.  DISCUSSION

### A.  Legal Standard

Before certifying a putative class, the Court must determine (1) whether the class meets the four Rule 23(a) requirements of numerosity, commonality, typicality and adequacy; and if so, (2) whether the class satisfies one of the three categories listed in Rule 23(b).  See Brown v. Kelly, 609 F.3d 467, 476 (2d Cir. 2010); Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008); City of Livonia Employees' Ret. Sys. v. Wyeth, No. 07 Civ. 10329 (RJS), 2012 U.S. Dist. LEXIS 134854, at *4 (S.D.N.Y. Sept. 17, 2012).  "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met."  Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).

As the Supreme Court recently observed:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule--that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc . . . [S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and [] certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.  Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.

Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, __, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374, 390 (2011) (citations and internal quotation marks omitted); see also Secs. Litig. v. Gen. Reinsurance Corp. (In re Am. Int'l Group Inc.), 689 F.3d 229, 237 (2d Cir. 2012); Oakley v. Verizon Comm'ns., Inc., No. 09 Civ. 9175 (CM), 2012 U.S. Dist. LEXIS 12975, at *34 (S.D.N.Y. Feb. 1, 2012) (holding that while "[t]he certifying court should not make any factual findings or merits

3

determinations that are not necessary to the Rule 23 analysis, . . . where merits issues cannot be avoided they must be addressed").  Thus, "the United States Supreme Court has made it clear that courts cannot certify classes where Rule 23 requirements are not met, and should not contort the requirements in order to certify."  <u>Oakley</u>, 2012 U.S. Dist. LEXIS at *35.

However, in deciding certification, courts must still take a liberal rather than a restrictive approach in determining whether the plaintiff satisfies Rule 23's requirements and may exercise broad discretion when determining whether to certify a class.  <u>See</u> <u>Flores v. Anjost Corp.</u>, No. 11 Civ. 1531 (CM), 2012 U.S. Dist. LEXIS 85171, at *20-21 (S.D.N.Y. June 19, 2012); <u>Pecere v. Empire Blue Cross and Blue Shield</u>, 194 F.R.D. 66, 69 (E.D.N.Y. 2000).  Further, "[t]he dispositive question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  <u>Kowalski v. YellowPages.com</u>, LLC, 10 Civ. 7318 (PGG), 2012 U.S. Dist. LEXIS 46539, at *37 (S.D.N.Y. Mar. 31, 2012).

## B.  As to Whether the Plaintiff Meets the Rule 23(a) Requirements

To qualify for class certification, the Plaintiff must first prove that the putative class meets the four threshold requirements of Rule 23(a):

> 1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); <u>see</u> <u>also</u> <u>Steinberg v. Nationwide Mut. Ins. Co.</u>, 224 F.R.D. 67, 72 (E.D.N.Y. 2004).   As set forth below, the Court finds that the Plaintiff has met the Rule 23(a) requirements.

4

### 1. Numerosity

Rule 23(a)(1), known as the numerosity requirement, requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable," in this context, does not mean impossible; instead Rule 23(a)(1) only requires that, in the absence of a class action, joinder would be "simply difficult or inconvenient." Russo v. CVS Pharm., Inc., 201 F.R.D. 291, 294 (D. Conn. 2001); see also Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).

"There is no magic minimum number that will breathe life into a class, but generally, courts will find a class sufficiently numerous when it comprises forty or more members." Russo, 201 F.R.D. at 294 (citations and internal quotation marks omitted). "As plaintiff bears the burden of demonstrating numerosity, he must show some evidence of or reasonably estimate the number of class members." Id. at 295. Therefore, while "evidence of exact size or identity of class members is not required," a plaintiff cannot rely on "pure speculation or bare allegations" in order to demonstrate numerosity. Flores, 2012 U.S. Dist. LEXIS at *25 (citations and internal quotation marks omitted).

However, "in assessing numerosity[,] a court may [also] make common sense assumptions without the need for precise quantification of the class." Russo, 201 F.R.D. at 294; see also Flores, 2012 U.S. Dist. LEXIS at *24-25. In addition, particularly when a class is not obviously numerous, the Court should consider the following factors: "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Robidoux,

987 F.2d at 936; see also Pecere, 194 F.R.D. at 70; see also Martin v. Shell Oil Co., 198 F.R.D. 589, 590 (D. Conn. 2000).

In this case, based on his own personal knowledge, the Plaintiff estimates that there were approximately 200 other full-time employees who worked at Titleserv's facilities and were eligible to receive a WARN Act notice before the mass layoffs. Accordingly, the Court finds that as the proposed class size is more than 40 members, the Plaintiff has satisfied the numerosity requirement.

## 2. Commonality

"To satisfy the commonality requirement of Rule 23(a)(2), there must be 'a showing that common issues of fact or law exist and that they affect all class members.'" Kowalski, 2012 U.S. Dist. LEXIS at *41-42 (quoting Leone v. Ashwood Fin., Inc., 257 F.R.D. 343, 351 (E.D.N.Y. 2009)). "However, the individual circumstances of the class members can differ without precluding class certification," so long as "the common questions are at the core of the cause of action alleged." Steinberg, 224 F.R.D. 67, 72 (E.D.N.Y. 2004); see also Kowalski, 2012 U.S. Dist. LEXIS at *42 (holding that "[t]he commonality standard does not mandate that the claims of the lead plaintiff be identical to those of all other plaintiffs" but does "require[] that plaintiffs identify some unifying thread among the members' claims that warrants class treatment") (citations and internal quotation marks omitted).

In its recent decision in Wal-Mart Stores Inc. v. Dukes, the Supreme Court held that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," as opposed to simply "suffer[ing] a violation of the same provision of law." Dukes, 131 S. Ct. at 2551. In other words, "[t]heir claims must depend upon a common contention . . . that it is capable of classwide resolution – which means that determination of its

truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. at 2551.  Thus, "[w]hat really matters to class certification ... is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." Id. at 2551 (citations and internal question marks omitted) (emphasis in original); see also Flores, 2012 U.S. Dist. LEXIS at *31.

Here, the Plaintiff has demonstrated that common issues of fact and law exist, which affect all class members.  In this regard, "the common issues in this case relate to whether the class members lost their employment as a result of a qualifying event under the WARN Act; whether there was a sufficient number of employees who lost their positions to warrant application of the WARN Act; whether an exception to the WARN Act applied; and the nature of defendants' liabilities." Nieves v. Cmty. Choice Health Plan of Westchester, Inc., 08 CV 321 (VB) (PED), 2012 U.S. Dist. LEXIS 37720, at *6 (S.D.N.Y. Feb. 24, 2012); see also Guippone, 2011 U.S. Dist. LEXIS at *14-15 (finding commonality where "Plaintiff claims that he and the other Class Members were terminated as part of a common plan stemming from Defendants' decision to discontinue business operations and close the Facilities" because  "the factual and legal questions stem from a common core of facts regarding Defendants' actions and a common core of legal issues regarding every Class Member's rights" under the WARN Act). Accordingly, the commonality requirement is met.

### 3.  Typicality

Rule 23(a)(3) requires that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robidoux, 987 F.2d at 936.  Known as the typicality requirement, this provision "is meant to

ensure that the class representative is not subject to a unique defense which could potentially become the focus of the litigation."  <u>Steinberg</u>, 224 F.R.D. at 72.  However, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."  <u>Robidoux</u>, 987 F.2d at 936-937; <u>see also</u> <u>Steinberg</u>, 224 F.R.D. at 72-73 (holding that "[t]he mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification") (citations and internal quotation marks omitted).

In this case, the Plaintiff, who is the Class Representative, suffered the same type of injury as the rest of the Class and there are no conflicts of interest between him and the other class members.  Further, the "Plaintiff[] and the proposed class members share the same claims differing only in degree."  <u>Nieves</u>, 2012 U.S. Dist. LEXIS at *7.  Indeed, the factual situation and the legal theories upon which the Plaintiff brings this action are not only typical of the entire class, but are nearly identical.  Therefore, the Plaintiff has established that the typicality requirement is met in this case.

### 4.  Adequacy of Representation

Rule 23(a)(4)'s adequacy of representation requirement requires that a plaintiff "also show that the proposed action will fairly and adequately protect the interests of the class," <u>Vengurlekar v. Silverline Techs., Ltd.</u>, 220 F.R.D. 222, 227 (S.D.N.Y. 2003), and "serves to uncover conflicts of interest between names parties and the class they seek to represent," <u>Wyeth</u>, 2012 U.S. Dist. LEXIS at *14.  <u>See</u> <u>Vengurlekar</u>, 220 F.R.D. at 227 ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.") (citation omitted).

In order to satisfy Rule 23(a)(4), a "plaintiff[] first must demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." Id. (citations and internal quotation marks omitted).  Second, a plaintiff must "show that [he has] no interests that are antagonistic to the proposed class members." Id.

The Court finds that the Plaintiff has satisfied both elements under Rule 23(a)(4).  First, the Plaintiff's counsel has experience bringing employment class actions and has served as class counsel in previous actions.  Second, the Plaintiff shares the same interests as the other full-time employees with respect to their WARN Act claims.  See Guippone, 2011 U.S. Dist. LEXIS 36379 at *19-20.

## C.  As to Whether the Plaintiff Meets the Rule 23(b)(3) Requirements

Once a plaintiff satisfies the four Rule 23(a) requirements, he must then also prove that the putative class is maintainable under at least one of the three categories enumerated in Rule 23(b).  See Steinberg, 224 F.R.D. at 73.  In this case, the Plaintiff seeks class certification under Rule 23(b)(3).  A putative class is maintainable under Rule 23(b)(3) when "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  See In re Am. Int'l Group Inc., 689 F.3d at 239.  As set forth below, the Court finds that the Plaintiff has met the Rule 23(b)(3) requirements.

### 1.  Predominance

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" in order to "ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote

uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Myers, 624 F.3d at 547 (citations and internal quotation marks and alterations omitted); see also Steinberg, 224 F.R.D. at 73.  Thus, "[w]hile the commonality requirement of Rule 23(a)(2) mandates that common questions of law or fact exist among the putative class members," the predominance requirement of Rule 23(b)(3) "is more stringent and requires that such common questions be the focus of the litigation." Steinberg, 224 F.R.D. at 73.  Accordingly, "the requirement is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  Myers, 624 F.3d at 547 (citations and internal quotation marks omitted); see also Steinberg, 224 F.R.D. at 73 ("Common questions of law and fact predominate when issues subject to generalized proof and applicable to the class as a whole predominate over and are more substantial than issues that are subject only to individualized proof.").

In this case, "it appears to the Court that the issues of proof are common to all members of the class and such issues predominate over any issues any individual class member may have."  Nieves, 2012 U.S. Dist. LEXIS at *10.  As such, the predominance requirement has been met.

### 2.  Superiority

"The second prong of Rule 23(b)(3), commonly referred to as the superiority element, requires the court to examine whether a class action is superior to other methods of adjudication."  Steinberg, 224 F.R.D. at 73.  Four factors the Court should consider in

10

determining whether a class action is the superior method of adjudicating a putative class' claim are provided in Rule 23(b)(3):

> (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3). See also Oakley, 2012 U.S. Dist. LEXIS at *49-50.

Here, "it appears the prosecution of this case as a class action would uphold the Court's interest in a fair and efficient adjudication better than a joint action among the putative class would." Nieves, 2012 U.S. Dist. LEXIS at *10. Accordingly, the Plaintiff has satisfied the superiority requirement.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion to certify the class is granted; and it is further

**ORDERED**, that the Plaintiff, David Assif, is appointed as Class Representative; and it is further

**ORDERED** that Erik H. Langeland, Esq., is appointed as Class Counsel; and it is further

**ORDERED** that within twenty days after a copy of this order is served on the Defendant Titleserv, Inc. at its last known address and by certified mail, return receipt requested, the Defendant Titleserv, Inc. is directed to produce a computer-readable data file containing the names and last known addresses of employees as of April 8, 2011 so that notice may be issued; and it is further

**ORDERED** that the Plaintiff's proposed notice is approved.  Notice should be made by

U.S. first class mail to all the Defendant Titleserv Inc.'s employees as of April 8, 2011.

**SO ORDERED.**
Dated: Central Islip, New York
          December 13, 2012


                                        ____/s/ Arthur D. Spatt_____
                                          ARTHUR D. SPATT
                                        United States District Judge